[No. 18769. Department One. February 17, 1925.]

## L. H. MIELKE, *Appellant*, v. JOHN HANS *et al.,* *Respondents.*[1]

APPEAL (418)—REVIEW—FINDINGS. Upon a clear conflict in the evidence, findings will not be disturbed when not against the preponderance of the evidence.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered April 1, 1924, upon findings in favor of the defendants, in an action in replevin, tried to the court. Affirmed.

*D. R. Glasgow,* for appellant.

*J. D. McCallum,* for respondents.

BRIDGES, J.—This suit is about four farm horses. The respondents sued one C. A. Mielke, and at the same time attached the horses as the property of the defendant in that case. The appellant here claimed to be the owner of the horses and replevied them, and the question involved is as to who owned the horses at the time of the attachment.

The whole matter rests on a question of fact. There is a clear, clean conflict in the testimony. Some of it is to the effect that C. A. Mielke, the defendant in the original case and a brother of the appellant, was the owner. There is also testimony to the effect that one Thorp originally owned the horses and sold them to C. A. Mielke, and that the latter re-sold them to Thorp

[1]Reported in 233 Pac. 5.

and that he sold them to the appellant. There is also testimony to the effect that, when Thorp pretended to sell the horses to the appellant, he was not the owner of them, and if he had any interest in them at all it was in the nature of possession as security for a debt. There is also testimony to the effect that, at the time of the attachment, and long prior and subsequent thereto, the horses were in the possession of C. A. Mielke, and that, if they had been sold, the bill of sale had not been recorded.

It would not serve any useful purpose to give further details concerning the testimony. The lower court found that C. A. Mielke was the owner and in possession of the horses at the time of the attachment. It also found that, if Thorp had any interest in them at the time he pretended to sell them to the appellant, such interest was in the nature of security and that he was not the owner. We cannot say that the evidence preponderates against the court's findings.

For the reasons given, the judgment is affirmed.

TOLMAN, C. J., MAIN, and MITCHELL, JJ., concur.